UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ERIC FOFIE,

                              Petitioner,

v.

WARDEN OTAY MESA DETENTION CENTER,

                              Respondent.

Case No.:  26-CV-1900 JLS (MSB)

**ORDER (1) GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND (2) GRANTING MOTION TO SEAL**

(ECF Nos. 1, 12)

Presently before the Court is Petitioner Eric Fofie's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1).  Also before the Court are Respondent's Return to Petition for Writ of Habeas Corpus ("Ret.," ECF No. 11) and Respondent's Motion to Seal ("Mot.," ECF No. 12).  For the reasons set forth below, the Court **GRANTS IN PART** the Petition for a Writ of Habeas Corpus and **GRANTS** the Motion to Seal.

## BACKGROUND

Petitioner Eric Fofie, a citizen of Cameroon, alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center since November 28, 2025, when he entered the United States seeking asylum.  Ret. at 2.  Petitioner filed his

1

application for asylum on January 15, 2026. *Id.* Petitioner was ordered removed to "Cameroon, or in the alternative, Uganda, based on Petitioner's fear of returning to Cameroon." *Id.* DHS filed a Motion to Pretermit Petitioner's Asylum Application, arguing that he is subject to removal to Uganda under the Asylum Cooperative Agreement ("ACA"). *Id.* Petitioner appealed the removal order, and his appeal remains pending. *Id.* Petitioner is suffering from severe medical issues resulting from his journey to the United States. Pet. at 13. Petitioner has been referred to an off-site consult at the University of California, San Diego, and was recommended to undergo surgery. Ret. at 10. Petitioner alleges that his prolonged detention violates the Due Process Clause of the Fifth Amendment. *See generally* Pet.

## MOTION TO SEAL

Respondent requests that a portion of Petitioner's medical record from the Otay Mesa Detention Center be filed under seal to protect "Petitioner's personal identifying information and private health information." Mot. at 1.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1130. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than

26-CV-1900 JLS (MSB)

tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

Under the compelling reasons standard, "the party seeking protection bears the burden of showing specific prejudice or harm will result if no [protection] is granted." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

These portions of the Petition are "more than tangentially related to the merits of the case," therefore, the compelling reasons standard applies. *Ctr. for Auto Safety*, 809 F.3d at 1102. The Court finds that there are compelling reasons to seal Petitioner's medical records, and the request is narrowly tailored to medical records relevant to the pending petition. *See Perez v. Bondi*, No. 25-CV-2390-CDS-BNW, 2026 WL 84492, at *1 n.4 (D. Nev. Jan. 12, 2026) (citation omitted) (finding that medical records containing private and confidential information are properly filed under seal); *Doe v. Andrews*, No. 25-CV-755-CDB, 2025 WL 2581551, at *4 (E.D. Cal. Aug. 18, 2025) (same). In light of the foregoing, the Court **GRANTS** the Motion to File Documents Under Seal (ECF No. 12). The Clerk of the Court is **DIRECTED** to file under seal the lodged unredacted document submitted by Petitioner: Exhibit 5 to the Return (ECF No. 13).

# PETITION

## I.    Legal Standard

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241.  *See* 28 U.S.C. § 2241(a).  The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals.  *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)).  However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention— federal habeas corpus jurisdiction remains in the district court.  *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## II.    Merits

"Neither the Ninth Circuit nor the Supreme Court have provided guidance regarding the point at which an immigration detainee's prolonged mandatory detention becomes unconstitutional." *Amado v. United States Dep't of Just.*, No. 25CV2687-LL(DDL), 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025).  However, "[n]early all district courts that have considered [the constitutionality of prolonged mandatory detention] agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." *Singh v. Barr*, 400 F. Supp. 3d 1005 (S.D. Cal. 2019) (internal quotation marks and citations omitted) (cleaned up) (collecting cases).  In determining whether detention has become unreasonable, courts evaluate factors including "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government." *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022).  Some courts also consider the conditions of detention and the likelihood that the removal proceedings

26-CV-1900 JLS (MSB)

will result in a final order of removal. *See, e.g.*, *Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1094 (S.D. Cal. 2025).

The Court finds that Petitioner has established he is entitled to a bond hearing. Petitioner's length of detention, over six months, without a bond hearing weighs slightly in Petitioner's favor. Courts have found that detention of similar lengths without a bond hearing weighs in favor of finding that detention has become unreasonable. *See, e.g.*, *Castro Ricardo v. ICE Field Off. Dir.*, No. 26-CV-1195-SAB, 2026 WL 1179786, at *2 (W.D. Wash. April 30, 2026) (finding detention prolonged without a hearing at five and a half months); *Nche v. Patrick*, No. 26-CV-2449-JES-DDL, 2026 WL 1195015, at *3 (S.D. Cal. May 1, 2026) (finding this factor weighed slightly in favor of a bond hearing after six months of detention); *Islamov v. Doe*, No. 26-CV-1528-JES-VET, 2026 WL 1179873, at *4 (S.D. Cal. April 30, 2026); *Amado*, 2025 WL 3079052, at *5 ("Courts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable."). The length of detention therefore slightly favors Petitioner.

As to the likely duration of future detention, Petitioner argues that he has reason to anticipate significant future detention because his appeal to the BIA for his removal to Uganda is still pending. Pet. at 15–16. The Court agrees, as Petitioner's appeal to the BIA may take months, and any appeal to the Ninth Circuit thereafter may take years. *See Masood v. Barr*, No. 19-CV-07623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2020) (noting that the "government cannot predict with any degree of confidence when the BIA appeal will be resolved"). Therefore, the likely duration of future detention weighs in Petitioner's favor.

Delay in removal proceedings is neutral since the record does not suggest significant delay by Respondents nor Petitioner. *See* generally Pet.; Ret. Petitioner is also suffering from severe medical issues that weigh in favor of a bond hearing. *See* Pet. at 13–14. Balancing the discussed factors, the Court concludes that Petitioner's detention has become unreasonably prolonged, and therefore, Petitioner is entitled to a bond hearing.

/ / /

26-CV-1900 JLS (MSB)

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1) and **ORDERS** the Government to provide Petitioner with a bond hearing <u>within fourteen (14) days</u>, unless Petitioner, the non-citizen, requests a continuance. The Government **SHALL** bear the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released. Bond **SHALL NOT** be denied on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention.   The Court **DENIES** the Amended Petition to the extent it seeks release.  The Parties **SHALL FILE** a Joint Status Report by <u>June 19, 2026</u>, informing the Court of the outcome of the hearing or the status of the hearing if Petitioner requests a continuance.

Further, the Court **GRANTS** Respondent's Motion to File Documents Under Seal (ECF No. 12). The Clerk of the Court is **DIRECTED** to file under seal the lodged unredacted document submitted by Petitioner: Exhibit 5 to the Return (ECF No. 13).  The Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  May 29, 2026

Hon. Janis L. Sammartino
United States District Judge

26-CV-1900 JLS (MSB)